No. ——

First Circuit

BLANCHARD v. GILMORE

(Jan. 5, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Evidence—Par. 53, 59; Obligations—Par. 23.

Under Article 2232 of the Civil Code, the burden of proof is on the plaintiff to prove according to Article 2245 of the Civil Code, that the document sued on was signed by the party supposed to sign it.

2. Louisiana Digest—Evidence—Par. 53, 59; Obligations—Par. 38.

Where plaintiff sues on a supposed assignment of a debt due a third party, the burden of proof is on the plaintiff to show that the defendant owed this third party money. Where there is no evidence to that effect, judgment cannot be granted.

3. Louisiana Digest—Evidence—Par. 53, 59.

The burden of proof to show that the first agreement was changed and a second entered into concerning the same matter, is on the plaintiff who desires to recover on that agreement.

Appeal from the District Court, Parish of St. Mary. Hon. James D. Simon, Judge.

Action by C. A. Blanchard against W. T. Gilmore.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

C. A. Blanchard, Morgan City; and Emmet Alpha, New Orleans; attorneys for plaintiff, appellant.

W. T. Gilmore, Morgan City; and James Parkerson, Franklin; attorneys for defendant, appellee.

ELLIOTT, J. C. A. Blanchard sued Walter T. Gilmore in his own name and behalf for $131.00 on a written order which purports to have been signed by Edith Campbell, addressed to Walter T. Gilmore. The order states that he is holding said amount for her account, and authorizes him to turn it over to Mr. Blanchard, attorney of Addie and Lizzie Wesley. It is also stated in the order that the understanding is, that when Mr. Blanchard receives the above money, he will dismiss suits Nos. 15,065 and 15,069, on the docket of the District Court of the Parish of St. Mary.

Plaintiff alleges that Edith Campbell assigned to him all her rights in the money called for in the order. He further claims that defendant owes him $44.85, as his share of a fee which the defendant withholds from him.

Defendant denies that he is indebted to the plaintiff. He denies that plaintiff is the owner of the order sued on. He alleges that plaintiff has no right or authority to prosecute a suit thereon in his own name and for his personal benefit; he alleges that the $131.00 claimed by plaintiff belongs to him; that it represents a fee charged Edith Campbell by him for expenses and services rendered. That he is not indebted to, and has no money in his possession belonging to her.

The parties urged numerous exceptions to the admissibility of evidence, but the only one urged on appeal, is by the plaintiff. His stenographer was asked to say whether plaintiff betrayed surprise, anger or disappointment, after conversing with defendant over the telephone about the amount due him. The defendant objected to the question as calling for the opinion of the witness. The court ruled that the witness could be asked what plaintiff did or said, and what she saw, but that whether plaintiff manifested surprise, anger or

disappointment was opinion evidence, and therefore not permissible.

The ruling was correct.

When plaintiff offered in evidence the order for $131.00 sued on, the defendant objected to it on the ground that it purported to be a private act and contained hearsay statements made out of defendant's presence, by one, not a party to the suit, and that the signature of Edith Campbell had not been proved. The order is dated New Orleans, December 2nd, 1922, and purports to have been witnessed by P. L. Winchester and C. A. Blanchard. The name of Edith Campbell and that of the witness Winchester, and the words "her x mark", are written in green ink. Mr. Blanchard's signature as a witness is written with black ink. Mr. Blanchard, speaking of the document, says that it came to him in the mail from New Orleans, and he attached his name to it as a witness, but admits that he did not witness it being signed. He started to say, as we understand it, that subsequently she had admitted to him that she had signed it, but before the statement was made, the defendant objected. The court sustained the objection to what he was about to say, and no further proof on the subject was ever offered. This ruling is not urged in plaintiff's brief. There is nothing in the record with which her mark can be compared, supposing a mark to be susceptible of satisfactory proof in that way.

The burden of showing that this document was executed and signed by Edith Campbell was upon the plaintiff, C. C. Art. 2232. Her signature to the document sued on was not proved in either of the ways provided for by law. C. C. Art. 2245.

There is also another reason why the judgment appealed from must be affirmed. Defendant testifies that the $131.00 claimed by plaintiff under said order represents a fee charged Edith Campbell by him for expenses and services rendered, and that he is not indebted to Edith Campbell and has no money in his possession belonging to her.

In order for plaintiff to recover, he must show that defendant holds this money for Edith Campbell. She was not called as a witness against defendant to substantiate that he owed her. The record contains no evidence contradicting Mr. Gilmore, as to what he says on the subject, and showing that he in fact holds this money for account of Edith Campbell. Such being the case, the judgment rejecting plaintiff's demand on this order was correct. It is no use to consider the further defense that plaintiff has no right to institute suit on this order in his own name and to collect for his personal use and benefit.

Coming now to the claim for $44.85, plaintiff alleges and testifies that this amount is due him by defendant, by virtue of a change made in an agreement between him and the defendant concerning the division of a fee.

Plaintiff wrote defendant a letter on this subject, January 29th, 1924. This letter closes with the following statement: "I am, however, enclosing you check for the sum of $224.23 and if you are willing to let the last agreement stand, in view of the work I did in the matter, you may remit me the difference in the sum of $44.85." Plaintiff testifies that in writing this letter, he thought that defendant might have forgotten their second agreement, in which event it was his intention to not insist on it, but that meeting defendant, he handed the letter to him in person, at the same time mentioning the matter to him. That defendant informed him that he remembered the agreement, and in compliance therewith, would return him $44.85.

The burden of proof to show that this first agreement was changed and a second one entered into concerning the matter, taking the place of the first, was on the plaintiff.

The defendant testifies that the first agreement was not changed; that the amount belongs to him and that he is not indebted to plaintiff on said account.

In view of plaintiff's explanation as to how he came to write defendant, submitting the matter to him to be acted on as he saw proper and was willing, the letter may be left out of view and not taken into account, and there remains no corroborating evidence supporting either side. But the burden of proof is on the plaintiff, and his claim is not established by a preponderance of evidence on the subject.

The judgment appealed from is correct.